# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Peninsula Periodontal Associates, Additional Defendants attached herein in Form SUM -200(A)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gabrielle Greenbaum

**Electronically
FILED**
by Superior Court of California, County of San Mateo
ON **1/6/2022**
By **/s/ Marcela Enriquez**
**Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **22-CIV-00062** |
|---|---|

Superior Court of the State of California in and for the County of San Mateo
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cary Kletter, Kletter law firm 1528 South El Camino real Ste 306, San Mateo, CA 94402

| DATE: *(Fecha)* **1/6/2022** | Clerk, by **/s/ Marcela Enriquez** *(Secretario)* Neal I. Taniguchi | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Peninsula Periodontal Associates**

    under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 1/18/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Greenbaum  v. Peninsula Periodontal Associates, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

Stephen R. Pickering DDS, MSD
Bryan I. Pope DMD, MSD
Brenda Lamb Lewis DDS, MSD
Erika Barrios
Does 1- 20 inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Cary Kletter (SBN 210230)
   Rachel Hallam (SBN 306844)
2  KLETTER LAW
   1528 S. El Camino Real, Ste. 306
3  San Mateo, CA 94402
   (415) 434-3400
4

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     1/6/2022
By     /s/ Marcela Enriquez
           **Deputy Clerk**

5  Attorney for PLAINTIFF
   GABRIELLE GREENBAUM
6

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF SAN MATEO**

10                            **UNLIMITED JURISDICTION**

11

12  GABRIELLE GREENBAUM,                         Case No.  22-CIV-00062

13              PLAINTIFF,                        **COMPLAINT**

14        v.                                      1. Failure to Pay Minimum Wage;
                                                  2. Failure to Pay Overtime Wages;
15  PENINSULA PERIODONTAL                         3. Liquidated Damages;
    ASSOCIATES, STEPHEN R. PICKERING             4. Failure to Provide Meal Breaks;
16  DDS, MSD, BRYAN I. POPE DMD, MSD,             5. Failure to Reimburse Business
    BRENDA LAMB LEWIS DDS, MSD,                      Expenses;
17  ERIKA BARRIOS, and DOES 1 - 20,               6. Failure to Provide Accurate Wage
    inclusive,                                        Statements;
18                                                7. Waiting Time Penalties;
                                                  8. Disability Discrimination;
19              DEFENDANTS.                        9. Failure to Accommodate;
                                                  10. Failure to Engage in the Interactive
20                                                    Process;
                                                  11. FEHA Retaliation;
21                                                12. Labor Code § 98.6 Retaliation;
                                                  13. Labor Code § 232 Retaliation;
22                                                14. Wrongful Termination in Violation of
                                                      Public Policy;
23                                                15. Negligent Training and Supervision;
                                                  16. Unlawful, Unfair, and Fraudulent
24                                                    Business Practices;
                                                  17. Equal Pay Act Violation; and
25                                                18. Failure to Timely Produce
                                                      Employment Records.
26

27

28

COMPLAINT

- 1 -

**INTRODUCTION**

1.    This is an action brought by PLAINTIFF GABRIELLE GREENBAUM ("PLAINTIFF" or "GREENBAUM") against the DEFENDANTS PENINSULA PERIODONTAL ASSOCIATES ("PPA"), ERICA BARRIOS ("BARRIOS"), STEPHEN R. PICKERING DDS, MSD ("DR. PICKERING"), BRYAN I. POPE DMD, MSD ("DR. POPE"), BRENDA LAMB LEWIS DDS ("DR. LEWIS") and DOES 1 through 20 (collectively "DEFENDANTS"), inclusive, in connection with claims arising out of PLAINTIFF's employment with DEFENDANTS.

2.    This is an action for damages due to the following: (1) Failure to Pay Minimum Wage, (2) Failure to Pay Overtime Wages, (3) Liquidated Damages, (4) Failure to Provide Meal Breaks, (5) Failure to Reimburse Business Expenses, (6) Failure to Provide Accurate Wage Statements, (7) Waiting Time Penalties, (8) Disability Discrimination, (9) Failure to Accommodate, (10) Failure to Engage in the Interactive Process, (11) FEHA Retaliation, (12) Retaliation in Violation of Labor Code § 98.6, (13) Retaliation in Violation of Labor Code § 232, (14) Wrongful Termination in Violation of Public Policy, (15) Negligent Training and/or Supervision, (16) Unlawful, Unfair and Fraudulent Business Practices, (17) Equal Pay Act Violations, and (18) Failure to Timely Produce Employment Records.

**THE PARTIES**

3.    PLAINTIFF is an individual who, at all relevant times, was employed by PENINSULA PERIODONTAL ASSOCIATES in San Mateo.

4.    PENINSULA PERIODONTAL ASSOCIATES ("PPA") is, upon information and belief, a California company, doing business in California, and headquartered at 235 N. San Mateo Drive, Suite 100, San Mateo, California, in the County of San Mateo, which was a joint employer of PLAINTIFF.

5.    DR. PICKERING is an individual who, at all relevant times, was a resident of California and part owner of PPA and joint employer of PLAINTIFF.

6.    DR. POPE is an individual who, at all relevant times, was a resident of California

and part owner of PPA and joint employer of PLAINTIFF.

7.      DR. LEWIS is an individual who, at all relevant times, was a resident of California and part owner of PPA and joint employer of PLAINTIFF.

8.      BARRIOS is an individual who, at all relevant times, was a resident of California, office manager of PPA as well as supervisor and joint employer of PLAINTIFF.

9.      PLAINTIFF is ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 20, and therefore sues them by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that said DEFENDANTS are in some manner legally responsible for the activities and damages alleged herein. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.

10.      PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the DEFENDANTS was acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

11.      At all times herein mentioned, DEFENDANTS ratified every act or omission complained of herein. At all times herein mentioned, DEFENDANTS aided and abetted the acts and omissions of the other DEFENDANTS in proximately causing the damages and other injuries as herein alleged.

**JURISDICTION AND VENUE**

12.      Jurisdiction and venue are proper because PLAINTIFF worked for DEFENDANTS in the county of San Mateo, California.

13.      In response to DEFENDANTS' unlawful conduct, PLAINTIFF filed a timely complaint against DEFENDANTS with the California Department of Fair Employment and Housing ("DFEH") on January 5, 2022.

14.      On January 5, 2022, the DFEH issued a Right-To-Sue Notice under California Government Code Section 12965(b), permitting PLAINTIFF to file a civil action against

DEFEDANTS under the provisions of FEHA.

15.    The California Superior Court has concurrent jurisdiction with the U.S. District Court to hear Federal Question causes of action.

## FACTUAL ALLEGATIONS

16.    On September 23, 2019, DEFENDANTS hired PLAINTIFF as a dental assistant.

17.    PLAINTIFF was an extremely dedicated, loyal, and hardworking employee. PLAINTIFF devoted long hours to ensure the DEFENDANTS' success and regularly worked more than 40 hours per week.

18.    PLANTIFF's job responsibilities included drafting DR. LEWIS's letters, ordering, managing, and auditing inventory, coordinating and facilitating meetings with the Straumann representative, managing iTero equipment, troubleshooting iTero scan issues, dental assistant training, managing/stocking/sterilization of burs, calling patients, creating an employee training manual, managing the schedules of the dental assistants, managing the doctor's calendars, preparing, managing and restocking the lab, cleaning/sterilizing rooms and tools, organizing files and updating patient notes.

19.    Despite her dedication, PLAINTIFF was subjected to unlawful employment practices by DEFENDANTS.

20.    Throughout PLAINTIFF's employment, DEFENDANTS did not always pay statutory overtime premium wages for hours worked in excess of 8 hours in a workday and her 40 hours in a workweek.

21.    PLAINTIFF often worked remote overtime hours to complete time-sensitive tasks requested by some of the DEFENDANTS.

22.    Some of the DEFENDANTS instructed PLAINTIFF to report those hours worked on days in which those hours could be paid at a regular rate, which is a violation of applicable California and U.S. law

23.    DEFENDANTS failed to compensate PLAINTIFF for required work trainings, including Infection Control classes, CPR training, and OSHA classes.

24.     PLAINTIFF was not regularly provided with a 30-minute uninterrupted meal break when she worked shifts of five (5) or more hours, in part because she was never relieved of all duties during her breaks and/or they were interrupted

25.     PLAINTIFF was regularly forced to worked through lunches to complete time sensitive projects and to ensure coverage.

26.     When PLAINTIFF worked over ten hours in a day, PLAINTIFF was never provided with a second meal break as mandated by California law.

27.     PLAINTIFF was not provided with missed meal break penalty wages when she was not provided with a thirty-minute uninterrupted meal break in which she was relieved of all duties.

28.     DEFENDANTS conducted staff lunch meetings, which were unpaid even though employees were required to attend. DEFENDANTS fraudulently marked those meetings as breaks for the employees, including PLAINTIFF.

29.     DEFENDANTS required PLAINTIFF to use her personal cellphone in the course of completing her work duties; however, DEFENDANTS failed to reimburse PLAINTIFF for cell phone expenses.

30.     DEFENDANTS provided inaccurate wage statements to PLAINTIFF as the wage statements failed to accurately state her hours worked, overtime wages earned, and meal break penalties owed.

31.     DEFENDANTS failed to comply with their own COVID policies, including requiring employees to find their own replacement workers when they were sick, discouraging sick staff from using sick leave, and allowing patients into the office who were not wearing masks.

32.     DEFENDANTS failed to implement basic standards of sterilization and hygiene as mandated by the California Division of Occupational Safety and Health. Employees, including PLAINTIFF, were not provided necessary gloves, gowns, face shields, safety goggles, and masks. Other mandatory OSHA hygiene practices were not followed.

33.     On August 26, 2021, PLAINTIFF complained to BARRIOS and DR. LEWIS about missed meal breaks.

34.     In response, DR. LEWIS and BARRIOS questioned PLAINTIFF's work ethic and DR. LEWIS informed PLAINTIFF she would not be given a raise if PLAINTIFF insisted on taking meal breaks.

35.     In or about August 2021, PLAINTIFF reported overtime hours on her timesheet.

36.     On September 1, 2021, BARRIOS reprimanded PLAINTIFF for reporting overtime hours she worked on her timesheet, even though PLAINTIFF explained that she was unable to complete the additional work that the dentists had assigned her without working overtime.

37.     On September 8, 2021, PLAINTIFF complained to BARRIOS that it was not possible for PLAINTIFF to take lunch breaks because one person was still in training, the schedule consistently ran late, and DEFENDANTS required the dental assistants to schedule appointments into lunchtime.

38.     In response BARRIOS told PLAINTIFF not to complain about missed meal breaks and being required to work overtime hours without receiving overtime pay.

39.     BARRIOS further instructed PLAINTIFF that she was not to speak to other employees at PPA about her pay.

40.     On September 14, 2021, PLAINTIFF marked that she missed her rest break on her time sheet. Immediately, DR. LEWIS and BARRIOS told PLAINTIFF that PLAINTIFF was not allowed to report that missed rest break.

41.     After PLAINTIFF complained about the work schedules and lack of meal breaks, BARRIOS stated that PLAINTIFF acted like DR. LEWIS's boss, and management referred to PLAINTIFF as an "unstable personality."

42.     In October 2021, PLAINTIFF took sick leave to address stress-related health issues arising from her employment as a result of the lack of breaks and long hours. Some of the DEFENDANTS harassed PLAINTIFF about taking the time off to address her health issues,

demanding that she return quickly.

43.     PLAINTIFF complained to DEFENDANTS or some of them that DEFENDANTS' work schedule, which required PLAINTIFF to work overtime without breaks, was causing her nausea, anxiety, headaches, and cyclic vomiting syndrome.

44.     When PLAINTIFF reported health issues arising from her work schedule, she was retaliated against. PLAINTIFF was given more responsibilities by some of the DEFENDANTS and spoken to in a derogatory manner by some of the DEFENDANTS

45.     PLAINTIFF's symptoms were so severe that she sought emergency treatment.

46.     PLAINTIFF requested accommodations for her disability of DR. LEWIS, specifically a reduced work schedule.

47.     From November 9-11, 2021,  PLAINTIFF received care for her conditions in the emergency room.

48.     PLAINTIFF notified DEFENDANTS that she was unable to report to work as she was seeking medical care in the hospital

49.     PLAINTIFF was still being treated and on medication on November 12, 2021, when she was terminated or constructively terminated by DEFENDANTS.

50.     On December 2, 2021, PLAINTIFF requested employment records from PPA.

51.     PPA failed to timely produce all requested employment records.

## **FIRST CAUSE OF ACTION**
Failure to Pay Minimum Wage – CA Labor Code and FLSA
(Against All DEFENDANTS)

52.     PLAINTIFF incorporates all previous allegations herein.

53.     PLAINTIFF was not paid all "straight" wages for her hours worked, including trainings and work lunch meetings.

54.     California Labor Code Sections 201, 202, 203 and 1197.1 and Fair Labor Standards Act ("FLSA") § 206 et seq set forth the applicable law regarding payment wages.

COMPLAINT
- 7 -

55.     Pursuant to California Labor Code § 1194, PLAINTIFF is entitled to recover in a civil action the balance of unpaid wages for all hours worked.

56.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

57.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses, and costs of suit.

## SECOND CAUSE OF ACTION
Failure to Pay Overtime Wages
(Against all DEFENDANTS)

58.     PLAINTIFF incorporates all previous allegations herein.

59.     At all times, DEFENDANTS correctly classified PLAINTIFF as non-exempt based on her duties.

60.     CA Labor Code § 510(a) provides that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at a rate not less than one and one-half times the regular rate.

61.     IWC Wage Order 9 and/or Title 8 of Cal. Code of Regulations § 11010 *et seq.* also provide that work in excess of 8 hours in a day or 40 hours in a week must be compensated at not less than one and one-half times the regular rate of pay for an employee.

62.     DEFENDANTS engaged, suffered, or permitted PLAINTIFF to work in excess of eight hours per day and/or forty hours in a week nearly every week she worked

63.     DEFENDANTS "willfully" [as that term is defined in applicable CA law] failed to pay PLAINTIFF overtime premium wages for every hour of overtime that DEFENDANTS engaged, suffered, or permitted PLAINTIFF to work.

64.     DEFENDANTS made no attempt to determine the requirements of the Labor Code as they applied to PLAINTIFF, or DEFENDANTS intentionally failed to comply.

65.     As a legal result of the aforementioned violations, PLAINTIFF has suffered harm, and she is entitled to recover the unpaid overtime compensation, including interest, costs of suit, and reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
Liquidated Damages – CA Labor Code &FLSA
(Against All DEFENDANTS)

66.     PLAINTIFF incorporates all previous allegations herein.

67.     PLAINTIFF brings this cause of action under CA Labor Code § 1194(a) and FLSA §260 to recover liquidated damages because DEFENDANTS did not pay PLAINTIFF the lawfully required wage and overtime wages set by statute or as ordered by California Industrial Welfare Commission under IWC Wage Order 9-2001.

68.     By reason of the conduct alleged hereinabove, PLAINTIFF is entitled to liquidated damages pursuant to Labor Code § 1194.2, in an amount according to proof.

69.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIF is entitled to attorneys' fees, in addition to interest, expenses, and costs of suit.

**FOURTH CAUSE OF ACTION**
Failure to Provide Meal Breaks
(Against All DEFENDANTS)

70.     PLAINTIFF incorporates all previous allegations herein.

71.     At all times relevant herein, Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001 have required DEFENDANTS to provide PLAINTIFF meal periods.

72.     Labor Code §§ 226.7 and 512 and IWC Wage Order 9-2001 prohibit employers from employing an employee for more than five hours without a meal period of at least 30 minutes, during which the employee must be relieved of all duties, unless the employee works less than six hours.

73.     In addition, an employer must provide an employee a second meal period of at least 30 minutes, during which the employee must be relived of all duties, when the employee works for over ten hours in a day.

74.     Unless an employee is relieved of all duty during the 30-minute meal period the employee is considered "on duty" and the meal periods are counted as time worked under the applicable wage orders.

75.     Under Labor Code § 226.7(b) and the IWC wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate.

76.     DEFENDANTS or some of them had a policy and practice of not providing PLAINTIFF with an opportunity to take meal break periods when she worked more than six (6) hours in one workday.

77.     DEFENDANTS also had a policy and practice of failing to relieve PLAINTIFF of all duties during meal breaks which denied her an opportunity to take CA Labor Code compliant meal breaks.

78.     DEFENDANTS had a policy and practice of not providing PLAINTIFF with an opportunity to take a second meal break period when she worked more than ten (10) hours in one workday.

79.     The aforementioned policies and practices are in violation of law, in that DEFENDANTS' policies and practices have denied PLAINTIFF the meal breaks to which she was legally entitled.

80.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
Unreimbursed Business Expenses
(Against All DEFENDANTS)

81.     PLAINTIFF incorporates all previous allegations herein.

82.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of discharge of his duties."

83.     Throughout PLAINTIFF's employment with DEFENDANTS, she incurred

reasonable and necessary expenses in the course of completing her job duties, which were not reimbursed by DEFENDANTS. These expenses include, but are not limited to, cell phone expenses.

84.     Upon information and belief, DEFENDANTS were aware that PLAINTIFF was using her personal cellphone to receive texts and/or phone calls from DEFENDANTS.

85.     DEFENDANTS called, emailed, and texted PLAINTIFF on her cell phone when she was not at the office.

86.     DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFF for her work expenses.

87.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

88.     PLAINTIFF is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs under CA Labor Code § 2802.

### SIXTH CAUSE OF ACTION
Failure to Provide Accurate Wage Statements
(Against PPA)

89.     PLAINTIFF incorporates all of the previous allegations herein.

90.     PLAINTIFF's hours and missed meal breaks were not reflected accurately on her wage statements in violation of applicable law.

91.     CA Labor Code § 226(a) and/or IWC Wage Orders (*See* 8 Cal. Code of Regs., § 11040(8)) provide that every employer shall, semimonthly or at the time of each payment of wages, provide each employee with a written, accurate statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

92.     CA Labor Code § 226(e) provides:
An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs

and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and attorneys' fees.

93.      PPA failed to provide accurate wage statements to PLAINTIFF in that the wage statements provided fail to correctly display her hours worked, her overtime pay earned, and missed meal break penalties.

94.      PPA is liable to PLAINTIFF for the amounts described above, in addition to the civil penalties provided for in Labor Code § 226.3.

95.      As a direct and proximate result of PPA's conduct, PLAINTIFF is entitled to attorneys' fees under Labor Code § 226(e), in addition to interest, expenses, and costs of suit.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### (Against All DEFENDANTS)

96.      PLAINTIFF incorporates all previous allegations herein.

97.      CA Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.

98.      PLAINTIFF, who is no longer employed by DEFENDANTS, has not been paid full compensation for all hours worked—i.e. PLAINTIFF has not been paid all overtime wages and the missed meal and rest period wages due to her for the meal and rest breaks that she was not provided.

99.      DEFENDANTS have "willfully" [as that term is defined in applicable CA law] failed and refused to make timely payment of wages to PLAINTIFF.

100.      CA Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Labor Code §§ 201 and 202, then the employer is liable for waiting time pay in the form of continued compensation for thirty days.

101.      PLAINTIFF is no longer employed by DEFENDANTS, but PLAINTIFF has not yet been fully compensated for all hours worked.

102.    As a direct and proximate result of DEFENDANTS' conduct, DEFENDANTS are liable to PLAINTIFF for thirty days of waiting time pay pursuant to Labor Code § 203.

103.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under CA Labor Code §§ 218.5 and 1194, in addition to interest, expenses, and costs of suit.

**EIGHTH CAUSE OF ACTION**
Disability Discrimination
Cal. Gov. Code § 12940 *et seq.*
(Against All DEFENDANTS)

104.    PLAINTIFF incorporates the previous allegations herein.

105.    DEFENDANTS engaged in a pattern and practice of unlawful discrimination in violation of the California Fair Employment and Housing Act ("FEHA") in connection with the terms and conditions of PLAINTIFF's employment.

106.    DEFENDANTS were aware of PLAINTIFF'S disabilities because she informed them of her disability in writing.

107.    PLAINTIFF was discriminated against due to her disabilities by DEFENDANTS.

108.    PLAINTIFF was subjected to adverse employment action by DEFENDANTS' failure to accommodate her.

109.    At all relevant times, DEFENDANTS had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

110.    As a result of DEFENDANTS' failure to protect PLAINTIFF from discrimination, PLAINTIFF suffered significant emotional distress.

111.    DEFENDANTS' acts were malicious, oppressive, or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass PLAINTIFF, and in conscious disregard of the rights or safety of PLAINTIFF and other employees of DEFENDANTS, and in furtherance of

DEFENDANTS' ratification of the wrongful conduct of the managers of DEFENDANTS. Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

112.    By reason of the conduct of DEFENDANTS, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' actions, PLAINTIFF sustained economic damages as well as emotional distress.

113.    The above discriminatory conduct violates FEHA and California Public Policy and entitles PLAINTIFF to all categories of damages, including exemplary or punitive damages.

### NINTH CAUSE OF ACTION
Failure to Accommodate
Cal. Gov. Code § 12940 *et seq.*
(Against All DEFENDANTS)

114.    PLAINTIFF incorporates all the previous allegations herein.

115.    DEFENDANTS or some of them violated FEHA by failing to provide reasonable accommodations for her disabilities.

116.    The public policy of California set forth within Cal. Gov. Code §12940 et seq. supports employment of persons with disabilities. It is the statutory obligation of the employer to engage in an interactive process in an attempt to make a reasonable accommodation for the disability of an employee, including but not limited to, changing job duties, job restructuring, and leaves of absence.

117.    After being made aware of PLAINTIFF'S disabilities, DEFENDANTS had an ongoing duty to engage in the interactive process to determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS failed to do so.

118.    PLAINTIFF is and was able to perform the essential functions of her position with reasonable accommodation.

119.    PLAINTIFF's temporary scheduling restrictions could have been accommodated by DEFENDANTS, but DEFENDANTS did not do so.

120.    DEFENDANTS failed to meet their obligations under FEHA by failing to accommodate PLAINTIFF.

121.    As a proximate cause of DEFENDANTS' conduct, PLAINTIFF has suffered and continues to suffer actual damages and general damages in the form of pain and suffering, physical injury, emotional distress, and attorneys' fees and costs in an amount according to proof.

## TENTH CAUSE OF ACTION
Failure to Engage in the Interactive Process
(Against All DEFENDANTS)

122.    PLAINTIFF incorporates all previous allegations herein.

123.    DEFENDANTS were required to engage in a timely, ongoing, good faith interactive process to attempt to accommodate PLAINTIFF.

124.    DEFENDANTS' obligation to engage in the interactive process continues when the employee asks for a different accommodation, or when the employer is aware that the initial accommodation is failing.

125.    DEFENDANTS failed to meet their obligations of engaging in the interactive process with PLAINTIFF.

126.    PLAINTIFF is and was able to perform the essential functions of her position with reasonable accommodation.

127.    DEFENDANTS had an ongoing duty to engage in the interactive process to determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS completely failed to do so.

128.    At all relevant times, DEFENDANTS had actual and constructive knowledge of the failure to engage in the interactive process described and alleged herein, and condoned, ratified and/or participated in the discrimination.

129.    DEFENDANTS' acts were malicious, oppressive, or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass PLAINTIFF, and in conscious disregard of the

rights or safety of PLAINTIFF. Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

130.    By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress, resulting in damages to be proven at trial.

131.    The above discriminatory conduct violates FEHA, CA Government Code §§12940 and 12941 and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary and/or punitive damages.

### ELEVENTH CAUSE OF ACTION
FEHA Retaliation
(Against PPA ONLY)

132.    PLAINTIFF incorporates all previous allegations herein.

133.    PLAINTIFF's unlawful termination constitutes retaliation in violation of FEHA.

134.    Failing to grant PLAINTIFF disability leave or a limited schedule constituted retaliation in violation of FEHA.

135.    By reason of the conduct of PPA, PLAINTIFF has necessarily retained attorneys to prosecute the within action.  PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.  As a result of PPA's actions, PLAINTIFF sustained economic damages to be proven at trial.  As a further result of PPA's actions, PLAINTIFF suffered emotional distress resulting in damages to be proven at trial.

136.    The conduct of PPA and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for PLAINTIFF's rights. PPA and/or their agents/employees or supervisors authorized, condoned, and ratified the

1  unlawful conduct remaining DEFENDANTS. Consequently, PLAINTIFF is entitled to punitive

2  damages against DEFENDANTS.

3

4  **TWELFTH CAUSE OF ACTION**
Retaliation in Violation of Labor Code § 98.6

5  (Against All DEFENDANTS)

6  137.    PLAINTIFF incorporates all previous allegations herein.

7  138.    DEFENDANTS terminated PLAINTIFF because of PLAINTIFF's complaint to

8  DEFENDANTS regarding violations of the California Labor Code including, but not

9  limited to, complaints of not being provided meal breaks and paid overtime wages.

10  139.    PLAINTIFF's unlawful termination constitutes retaliation in violation of Labor

11  Code § 98.6.

12  140.    By reason of DEFENDANTS' conduct, PLAINTIFF has necessarily retained

13  attorneys to prosecute this action. PLAINTIFF is therefore entitled to reasonable attorneys' fees

14  and litigation expenses, including expert witness fees and costs, incurred in bringing the within

15  action. As a result of DEFENDANTS' actions, PLAINTIFF sustained economic damages in an

16  amount to be proven at trial.

17  141.    As a further result of DEFENDANTS' actions, PLAINTIFF suffered emotional

18  distress, resulting in damages to be proven at trial.

19  142.    DEFENDANTS, and each of them, did acts alleged herein maliciously,

20  fraudulently, and oppressively, with the wrongful intent to injure PLAINTIFF, from an

21  improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's

22  rights. The acts complained of were known to, authorized, and ratified by DEFENDANTS.

23  PLAINTIFF is therefore entitled to recover punitive damages from DEFENDANTS, and each

24  of them, in an amount according to proof at the time of trial.

25  143.    Consequently, PLAINTIFF is entitled to punitive damages against

26  DEFENDANTS.

27  ///

28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRTEENTH CAUSE OF ACTION**
Retaliation in Violation of Labor Code § 232
(Against All DEFENDANTS)

144.    PLAINTIFF incorporates all previous allegations herein.

145.    CA Labor Code section 232 prohibits an employer from discharging or retaliating against an employee for disclosing his or her wages.

146.    After PLAINTIFF spoke to her coworkers about her wages, BARRIOS reprimanded her for doing so. Thereafter, DEFENDANTS harassed PLAINTIFF and characterized her as an "unstable personality."

147.    By reason of DEFENDANTS' conduct, PLAINTIFF has necessarily retained attorneys to prosecute this action. PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' actions, PLAINTIFF sustained economic damages in an amount to be proven at trial.

148.    As a further result of DEFENDANTS' actions, PLAINTIFF suffered emotional distress, resulting in damages to be proven at trial.

149.    DEFENDANTS, and each of them, did acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. The acts complained of were known to, authorized, and ratified by DEFENDANTS. PLAINTIFF is therefore entitled to recover punitive damages from DEFENDANTS, and each of them, in an amount according to proof at the time of trial.

**FOURTEENTH CAUSE OF ACTION**
Wrongful Termination in Violation of Public Policy
(Against all DEFENDANTS)

150.    PLAINTIFF incorporates all previous allegations herein.

151.    The working conditions at PPA were intolerable because of the age and disability discrimination PLAINTIFF suffered.

152.    PLAINTIFF made numerous complaints about inaccurate pay and meal breaks, but no action or insufficient action was taken in response.

153.    DEFENDANTS completely or largely ignored PLAINTIFF's complaints, and belittled her complaints about violations of law

154.    PLAINTIFF was wrongfully terminated by DEFENDANTS because of her complaints to DEFENDANTS regarding meal breaks, her complaints to DEFENDANTS regarding not receiving overtime pay, her discussions with coworkers regarding her wages, and her requests for accommodations.

155.    The termination of PLAINTIFF by DEFENDANTS violates the Public Policy of the State of California as put forward in the California Fair Employment and Housing Act, the California Constitution, the California Labor Code, and other statutes.

156.    As a result of said conduct, PLAINTIFF suffered general and exemplary damages as well as having to incur attorneys' fees to prosecute said action.

157.    DEFENDANTS did acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  The acts complained of were known to, authorized and ratified by DEFENDANTS.  PLAINTIFF is therefore entitled to recover punitive damages from DEFENDANTS, and each of them, in an amount according to proof at the time of trial.

**FIFTEENTH CAUSE OF ACTION**
Negligence
(Against all DEFENDANTS)

158.    PLAINTIFF incorporates all previous allegations herein.

159.    "A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." Restatement Third of Agency, section 7.05(1). The basic elements of a negligence action are: (1) The defendant had a legal duty to conform to a standard of conduct to protect the plaintiff;

(2) the defendant failed to meet this standard; (3) the defendant's failure caused plaintiff's injury; and (4) the plaintiff was damaged. <u>Ladd v. County of San Mateo</u> (1996) 12 Cal.4th 913, 917. These elements are met in PLAINTIFF's case.

160.    DEFENDANTS failed to meet their legal obligation because they failed to train their managers regarding how to properly respond to an employee's complaints regarding Labor Code complaints, disability discrimination, discussing pay with other employees and sick leave.

161.    BARRIOS and DR. LEWIS were not provided with sufficient training regarding preventing workplace disability discrimination nor compliance with the CA equal Pay Act or the CA Labor Code.

162.    DEFENDANTS failed to conduct proper training in the workplace regarding disability discrimination and retaliation.

163.    As a result of the negligent and inadequate training by DEFENDANTS, PLAINTIFF's workplace rights were denied.

**SIXTEENTH CAUSE OF ACTION**
Unlawful, Unfair and Fraudulent Business Practices
In Violation of B&P Code §§ 17200 and 17203, *et seq.*
(Against all DEFENDANTS)

164.    PLAINTIFF re-alleges the previous allegations herein.

165.    The California Business & Professions Code ("B&P Code") § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

166.    B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

167.    B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

168.    B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for

violation of the Unfair Business Practices Act.

169.   Pursuant to B&P § 17202, PLAINTIFF is entitled to enforce all applicable provisions of FEHA and the CA Labor Code and the FLSA

170.   Beginning at an exact date unknown to PLAINTIFF, but at least since the date over two years prior to the filing of this suit, DEFENDANTS have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent practices and acts described in this Complaint.

171.   By violating these statutes and regulations, the acts of DEFENDANTS constitute unfair and unlawful business practices under B&P § 17200 *et seq*.

172.   The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, *et seq.*

173.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition within the meaning of B&P Code §§ 17200 and 17203, *et seq.* DEFENDANTS' violation of the law and regulations described above constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of PLAINTIFF. The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

174.   As a direct and proximate result of the acts and practices described herein, PLAINTIFF has been denied compensation, in an amount to be proven at trial. PLAINTIFF has accordingly suffered injury in fact and has lost money or property as a result of DEFENDANTS' unfair, unlawful, and fraudulent business practices as well as unfair competition.

175.   Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair, and fraudulent business acts and practices described herein.

176.   Pursuant to § 17203 and/or any other applicable law, PLAINTIFF seeks an order

preventing DEFENDANTS from engaging in unlawful, unfair, and fraudulent conduct, and preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

## SEVENTEENTH CAUSE OF ACTION
Equal Pay Act Violation
(Against PPA only)

177.    PLAINTIFF re-alleges all previous allegations herein.

178.    PPA violated the CA Equal Pay Act by instructing PLAINTIFF that she was prohibited from discerning her wage rate with her co-workers.

179.    As a result of this unlawful conduct, PLAINTIFF suffered damages in an amount to be proved at trial.

180.    PLAINTIFF is entitled to recover from PPA compensatory damages, as well as attorneys' fees and costs of suit.

## EIGHTEENTH CAUSE OF ACTION
Failure to Provide Employment Records
Violation of CA Labor Code §§ 432 and 1198.5
(Against PPA only)

181.    PLAINTIFF re-alleges all previous allegations herein.

182.    PLAINTIFF requested her employment and personnel records pursuant to Labor Code sections 226, 432, and 1198, including "all wage statements, time records, policies regarding anti-discrimination and anti-retaliation, and employee handbooks for the duration of his employment."

183.    PPA failed to timely provide all requested documents.

184.    CA Labor Code § 432 states that:
If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request.

185.    PLAINTIFF signed documents regarding her employment and requested that PPA timely provide her with copies of those documents.

186.    PPA failed to provide PLAINTIFF with copies of those documents.

187.   Labor Code § 1198.5 states that:
(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.
(b) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request… .
…
(c) The employer shall do all of the following:
(1) With regard to all employees, maintain a copy of each employee's personnel records for a period of not less than three years after termination of employment.
…
(3) (A) With regard to former employees, make a former employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof at the location where the employer stores the records, unless the parties mutually agree in writing to a different location.
…
(k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.

188.   PPA failed to timely provide PLAINTIFF with all personnel records after she requested that PPA do so, in violation of Labor Code § 1198.5.

189.   PPA is liable to PLAINTIFF for her attorneys' fees, interest, and costs of suit, in addition to the civil penalties provided for in CA Labor Code § 1198.5 for failing to provide her personnel records.

WHEREFORE, PLAINTIFF prays for judgment as is further set forth below.

## **PRAYER FOR RELIEF**

1.   For a declaratory judgment that DEFENDANTS or some of them terminated or constructively terminated PLAINTIFF and that DEFENDANTS have violated the California Fair Employment and Housing Act, the California Labor Code, and public policy, as alleged herein;

COMPLAINT

- 23 -

2.   For a declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations FEHA and public policy protecting workers;

3.   For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them from committing future violations of the laws and public policies described herein;

4.   For an award of restitution;

5.   For prejudgment interest;

6.   For an order imposing all relevant statutory and/or civil penalties provided by law.

7.   For an order awarding PLAINTIFF compensatory damages, including but not limited to unpaid wage, unreimbursed expenses, missed meal break, penalty wages, emotional distress damages according to proof;

8.   For emotional distress damages;

9.   For punitive damages according to proof;

10. For an order that DEFENDANTS must disgorge ill-gotten gains;

11. For award of reasonable attorneys' fees, as provided by Cal. Gov. Code § 12965, subd. (b) and other applicable law;

12. For all costs of suit; and

13. For such other and further relief as this Court deems just and proper.

Dated: January 5, 2022                              KLETTER LAW


By: *Rachel Hallam*
Cary Kletter
Rachel Hallam
Attorney for PLAINTIFF
GABRIELLE GREENBAUM